UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARLON SAPP,

    Plaintiff,

v.                                      CASE NO. 6:09-cv-1217-Orl-31GJK

DIRECTOR, FEDERAL BUREAU
OF INVESTIGATION,

    Defendant.

## ORDER

This case is before the Court on Plaintiff's Notice to the Court that he is under imminent danger and "will physically/emotionally take the law into [his] own hands." (Doc. No. 6). The Court notes that this case was dismissed pursuant to 28 U.S.C. § 1915(g)[1] on July 15, 2009. (Doc. Nos. 4.) As such, Plaintiff's notification is hereby construed as a motion for reconsideration.

Assertions of imminent danger are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Plaintiff's conclusory allegation that he is under imminent danger is

---

[1] This section is referred to as the three strikes provision and bars a prisoner, who has filed three or more complaints that have been dismissed as frivolous or malicious or for failure to state a claim, from filing a complaint *in forma pauperis*, unless the prisoner is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

insufficient to establish entitlement to the imminent danger exception. Therefore, Plaintiff's notification, construed as a motion for reconsideration, is **DENIED**. Plaintiff is advised that he can initiate a new civil rights action by filing a civil rights complaint form and paying the full filing fee.

**DONE AND ORDERED** at Orlando, Florida this 14th day of October, 2009.

Copies to:
pslc 10/14
Marlon Sapp

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE